```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------x
```

**MEMORANDUM & ORDER**
22-CV-766(EK),
22-CV-5841(EK)(RML),
23-CV-4855(EK),
In Re: Joshua Adam Schulte          23-CV-5988(EK),
Metropolitan Detention Center       23-CV-5241(EK)(RML),
Litigation                          23-CV-5656(EK)(RML),
                                    23-CV-8513(EK)(RML),
                                    24-CV-00332(EK)(RML)

```
---------------------------------------x
```
ERIC KOMITEE, United States District Judge:

Petitioner Joshua Adam Schulte is an inmate in the custody of the Bureau of Prisons.  He is presently at the U.S. Penitentiary in Florence, Colorado.  On September 4, 2024, this Court denied Schulte's petitions for writs of habeas corpus and dismissed all other claims in the above-captioned cases under 28 U.S.C. § 1915(e)(2)(B).  Schulte filed an identical letter in all of his cases, moving to reopen the time to file an appeal under Federal Rule of Appellate Procedure 4(a)(6).  That motion is granted.

Rule 4(a)(6) was "designed to allow a district judge to reopen the time for appeal if notice of the judgment does not arrive — whether the fault lies with the clerk or the Postal

Service." *In re WorldCom, Inc.,* 708 F.3d 327, 333-34 (2d Cir.

2013).[1]  The Rule states:

> The district court may reopen the time to file an
> appeal for a period of 14 days after the date when its
> order to reopen is entered, but only if all the
> following conditions are satisfied:

>> (A) the court finds that the moving party did not
>> receive notice under Federal Rule of Civil
>> Procedure 77 (d) of the entry of the judgment or
>> order sought to be appealed within 21 days after
>> entry;

>> (B) the motion is filed within 180 days after the
>> judgment or order is entered or within 14 days
>> after the moving party receives notice under
>> Federal Rule of Civil Procedure 77 (d) of the
>> entry, whichever is earlier; and

>> (C) the court finds that no party would be
>> prejudiced.

First, Schulte reports that he did not receive

notice of the judgments pursuant to Federal Rule of Civil

Procedure 77(d).  Rule 77(d) states that "[i]mmediately

after entering an order or judgment, the clerk must serve

notice of the entry, as provided in Rule 5(b), on each

party who is not in default for failing to appear.  The

clerk must record the service on the docket."  A party

receives notice under Rule 4(a)(6) when the document

arrives with petitioner, not on the date it was served by

the Clerk under Rule 77(d).  *See WorldCom,* 708 F.3d at 334.

---

[1] Unless otherwise noted, when quoting judicial decisions this order accepts all alterations and omits all citations, footnotes, and internal quotation marks.

On September 6, 2024, the Clerk sent Schulte notice of the judgments in each case.  However, Schulte alleges that rather than receiving notice from the Clerk, he received notice on January 17, 2025 from "a family letter dated in November."  Mot. 2, ECF No. 15 (Case No. 23-CV-5656).  Moreover, Schulte alleges that, while incarcerated, he "continue[s] to have difficulties receiving mail (zero mail of four letters sent by [his] criminal appeals attorney have been delivered)."  *Id.*

Schulte's dockets reflect his difficulties receiving mail.  In four of his cases, the Clerk's notice of judgment was returned as undeliverable.[2]  In *Schulte v. Ma'at,* No. 22-CV-4855, the Clerk's office mailed Schulte an additional copy of the judgment on November 22, 2024, two days after it was returned as undeliverable.  *See* Docket Entry, Nov. 22, 2024.  However, consistent with his failure to receive other mail, Schulte does not report that he received the judgment.  *See* Mot. 2, ECF No. 15 (Case No. 23-CV-5656).  Accordingly, the Court is satisfied that Schulte did not receive notice of each judgment pursuant to Rule 77(d). *E.g., Davis v. Taylor,* No. 20-CV-4610, 2024 WL 424274, at *2 (S.D.N.Y. Jan. 29, 2024).

---

[2] *See* ECF No. 6, 23-cv-55; ECF No. 6, 23-cv-5988; ECF No. 11, 23-cv-5656; ECF No. 13, 23-cv-5241.

Second, Schulte's motion is timely.  Because he was not noticed pursuant to Rule 77(d), Federal Rule of Appellate Procedure 4(a)(6)(B) provides that he may request an extension of time to file an appeal within 180 days of the entry of judgment.  Schulte made his request on January 17, 2025, 133 days after the Clerk entered judgment.

Finally, the Court finds that no party would be prejudiced by reopening Schulte's time to appeal.  *See* Fed. R. App. P. 4(a)(6)(c).

Thus, the Clerk of the Court is respectfully directed to docket Schulte's notice of appeal across each of his cases.  *See* Mot. 3, ECF No. 15 (Case No. 23-CV-5656).  The Clerk of Court is also directed to mail a copy of this order to Joshua Schulte, U.S. Penitentiary Max, P.O. Box 8500, Florence, CO 81226-8500.

SO ORDERED.

_/s/ Eric Komitee_____
ERIC KOMITEE
United States District Judge

Dated:     February 27, 2025
           Brooklyn, New York

4